# EXHIBIT 1



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Jennifer Coleman
_____
                    Plaintiff
            vs.                                    Case Number  **2017 CA 007100 B**

Nobel Learning Communities, Inc.
200 Constitution Ave., N.W.          Defendant
Room N-1450
Washington, D.C. 20210              **SUMMONS**
To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David E. Haynes
_____
Name of Plaintiff's Attorney              Clerk of the Court

1100 New York Ave., #340 West Tower
_____      By _____
Address                                                          Deputy Clerk
Washington, D.C. 20005

202-882-5500
_____      Date  **10/23/2017**
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면,(202)879-4828로 전화주십시요    ???? ???? ?????? (202) 879-4828 ????

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                    Super. Ct. Civ. R. 4



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                    Demandante
            contra
                                                        Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

_____                Por: _____
Dirección                                                                                Subsecretario

_____

                                                                              Fecha _____
Teléfono
如需翻译, 请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ   (202) 879-4828

**IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.**

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés<br>See reverse side for English original

CV-3110 [Rev. June 2017]                                                                                      Super. Ct. Civ. R. 4



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

JENNIFER COLEMAN et al
   Vs.                                           C.A. No.      2017 CA 007100 B
NOBEL LEARNING COMMUNITIES, INC

## INITIAL ORDER AND ADDENDUM

   Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

   (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

   (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

   (3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

   (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

   (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

   (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                   Chief Judge Robert E. Morin

Case Assigned to: Judge JOHN M CAMPBELL
Date:  October 20, 2017
Initial Conference: 9:30 am, Friday, January 19, 2018
Location:  Courtroom 519
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

                                                                    CAIO-60

**ADDENDUM TO INITIAL ORDER AFFECTING
ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

CAIO-60

Filed
D.C. Superior Court
10/23/2017 16:44PM
Clerk of the Court

Filed
D.C. Superior Court
10/19/2017 14:47PM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JENNIFER COLEMAN, as Mother and Personal Representative of the Estate of S▓▓▓▓ M. M▓▓▓▓, JR., 770 C Street, S.E. Unit #401 Washington, D.C. 20003, <br><br> Plaintiff, <br><br> v. <br><br> NOBEL LEARNING COMMUNITIES, INC., d/b/a THE ESTHER PETERSON CHILD DEVELOPMENT CENTER AT THE DEPARTMENT OF LABOR 200 Constitution Avenue, NW. Room N-1450 Washington, D.C. 20210 <br><br> Serve: <br>    Corporation Service Company, <br>    Registered Agent <br>    1090 Vermont Ave., Northwest <br>    Washington, D.C. 20005, <br><br> Defendant. | Civil Case No. 2017 CA 007100 B. <br><br><br> Jury Trial Demanded |

## COMPLAINT

COMES NOW the Plaintiff, Ms. Jennifer Coleman, as mother and personal representative of S▓▓▓▓ M. M▓▓▓▓ Jr., by and through her undersigned counsel of record, and files this Complaint for damages against the Defendant on the grounds and in the amounts set forth herein:

## NATURE OF THE ACTION

1. This is a wrongful death action pursuant to D.C. Code Ann. § 16-2701, et. seq., and survival action pursuant to D.C. Code Ann § 12-101, et seq., arising out of the choking death of three year old S████-M████ Jr. ("Sterling"), on January 17, 2017 at The Esther Peterson Child Development Center at the Department of Labor, which is brought against the owners, Nobel Learning Communities Inc., for negligence, including but not limited to, failing to properly adhere to the standards specified by the United States Department of Agriculture Food and Nutrition Services' Child and Adult Care Food Program, among other failures.

2. At approximately 12:00 p.m. on January 17, 2017, S████ choked on a meatball during lunch while in the custody of The Esther Peterson Child Development Center at the Department of Labor ("Esther Peterson" or "Child Development Center" or "The Center"). S████ was eating a meatball sandwich for lunch when he began to choke. S████ stood up at which point a teacher finally noticed him choking. Assistant Principal Ms. Kassandra Lord called S████'s mother, Ms. Jennifer Coleman, who worked upstairs at the Department of Labor, and left her a voicemail informing her that S████ was choking. Moments after Ms. Coleman received the message she rushed downstairs to find S████ in an ambulance unresponsive and being treated by Emergency Medical Technicians. S████ was rushed to Children's National Medical Center by ambulance where he was later pronounced dead at 12:46 p.m.

## PARTIES

3. Plaintiff Jennifer Coleman is the mother of minor child S████ M████ Jr., who was three years of age at the time of the incident, and was at all times relevant hereto a citizen and resident of Washington, D.C. Sterling Moore, Sr. is the father of S████.

4.  Nobel Learning Communities, Inc. ("Nobel") was at all times relevant hereto a Delaware Corporation doing business as The Esther Peterson Child Development Center in the District of Columbia at 200 Constitution Avenue NW Room N-1450, Washington D.C. 20210, which is on the Department of Labor premises.

5.  The Defendant, either individually or by agents, servants or employees, owned, managed, supervised, maintained and/or, exercised jurisdiction and control over the functioning of The Esther Peterson Child Development Center at the Department of Labor, and did employ agents, employees, officers, staff, administrators, representatives, servants, and/or teachers ("employees") for The Center. The Defendants exercised jurisdiction and control over the procedures and duties which said employees had the privilege and obligation to perform, and they determined the qualifications or lack of qualifications of said employees as the same related to those procedures and duties. Said employees worked in a common effort for the economic benefit of the Defendants.

## JURISDICTION AND VENUE

6.  Jurisdiction is vested in this Court pursuant to DC Code § 11-921 (2001 Edition, as Amended).

This action is brought pursuant to the District of Columbia Wrongful Death Act, D.C. Code §16-2701, et seq. (2001 Edition, as amended) and pursuant to the District of Columbia Survival Act, D.C. Code §12-101, et seq. (2001 Edition, as amended).

7.  The venue of this claim is proper in the District of Columbia, as it is the venue in which the tortious injury occurred and where the conduct which directly and proximately caused the injury occurred.

## FACTS COMMON TO ALL COUNTS

Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 7 of this Complaint, as if each allegation were fully set forth herein, and incorporates each preceding allegation by reference, and further alleges as follows:

8. On January 17, 2017 at approximately 7:40 a.m., the Plaintiff dropped S█████ M████, Jr. off at The Esther Peterson Child Development Center at the Department of Labor.

9. Sterling was in class at the Esther Peterson Center in room N1450 Classroom 11 at approximately 7:40 a.m. on January 17, 2017.

10. During lunch time S█████ and other children were seated at a classroom table for lunch which consisted of large whole meatballs in a hotdog bun, mixed vegetables and cantaloupe.

11. The children began to eat lunch at which point one of the classroom teachers noticed S█████ stand up with his hands up while gasping for air; it was only at this point she realized he was choking.

12. One of the teachers began to administer back thrusts at which point S█████ vomited a small amount of the food into his plate.

13. The teacher then took S█████ into the hallway and continued back thrusts and started performing the Heimlich maneuver.

14. Several teachers observed S█████ begin to turn blue while he squeezed one of the teacher's arms and signaled to his throat.

15. Approximately two minutes passed from the time S█████ began to choke until he was carried to the front of the daycare facility.

16. At 12:07 p.m. DC Fire and EMS were dispatched to the Esther Peterson Center and they arrived at 12:12 p.m.

17. At approximately 12:17 p.m., the Plaintiff received a voicemail message while she was at work at the Department of Labor from Assistant Principal Kassandra Lord stating very calmly that S----- choked on a meatball and they needed Ms. Coleman to come downstairs.

18. Once Ms. Coleman heard the message she rushed downstairs to find S----- in an ambulance unresponsive with emergency personnel attempting to resuscitate him.

19. S----- was rushed to Children's National Medical Center by ambulance where he arrived with CPR in progress at 12:33 p.m.

20. Upon arrival medical staff at Children's continued in their attempts to resuscitate.

21. The staff was unsuccessful in their attempts and S----- was pronounced dead from asphyxia due to upper airway obstruction due to food bolus at.12:46 p.m.

22. At all times material hereto, the Defendants, as a child development center and/or owners and child care providers, had a duty to S----- M-----, Jr. and his parents Ms. Jennifer Coleman and Sterling Moore, Sr., to exercise reasonable care to keep and maintain daily menus, and food that are varied, suitable to the ages and development levels of the children, and consistent with the meal pattern requirements and nutrition standards specified by the Child and Adult Care Food Program. In particular, Defendants, as a child development center and/or owners and child care providers, had a duty to the children and parents of those children including S----- M----- Jr. and Ms. Jennifer Coleman, to take reasonable precautions as were reasonably necessary to prevent children from choking on food.

23. The Defendants undertook a voluntary duty to provide child care services which they touted and to provide appropriate planned daily meals for the children at The Esther Peterson Center. Defendants advertised their child development center as a preschool that expertly combines academic learning experiences and structured play in a fun, safe and nurturing environment. The Centers food service and nutrition were advertised as conforming to all state nutrition guidelines.

24. Defendants served a meatball sandwich which contained three large meatballs, none of which were cut up at all. Defendants, failed to adhere to the District of Columbia's Child Development Facilities: Licensing, of Title 5-A DCMR, Office of the State Superintendent of Education standards. Title 115.2 provides, "A Licensee shall ensure that planned daily menus, and the foods that are actually served by the Facility, are varied, suitable to the ages and development levels of the children, and consistent with the meal pattern requirements and nutrition standards specified by the Child and Adult Care Food Program Standards."

25. Defendants knew, or in the exercise of reasonable care should have known, that the Child and Adult Care Food Program Standards provide, "the following foods, if served whole or in chunks, are considered choking hazards… chunks of meat or cheese." The Program menu planning guide further states, "Be sure all foods are cut into bite-size pieces (chopping finely), steamed or mashed." S▓▓▓▓ M▓▓▓▓ Jr. choking on a meatball was foreseeable and reasonably likely to occur unless the Defendants took reasonable steps to adopt adequate procedures and standards for food preparation and service, which they did not do and they failed to cut up the meatballs and instead served them whole to a three year old.

26. The Defendants failed to take proper measures to provide an appropriate and reasonable food option for the children at The Esther Peterson Center on January 17, 2017.

Defendants knew or had reason to know that the planned meal including a meatball sandwich posed an unreasonable risk of foreseeable harm to children, including Sterling Moore, Jr., and had knowledge or in the exercise of reasonable diligence should have had knowledge that it was only a matter of time before a child choked as a result of the non-compliance with the Child and Adult Care Food Program Standards, specifically an incident involving choking on a meatball that was not cut into bite-sized pieced or finely chopped.

27. The harm suffered by Sterling Moore, Jr. was reasonably foreseeable, in that a reasonable and prudent child care provider/development center under the same or similar circumstances would have realized that serving a three year old a meatball sandwich greatly increased the likelihood that choking would occur to children.

28. The Defendants were negligent and breached their duty to the children and parents of said children, including Sterling Moore, Jr. and Ms. Jennifer Coleman, to take reasonable measures to prevent or eliminate choking hazards in one or more of the following ways:

- a) by failing to provide an adequate food menu that complied with the Child and Adult Care Food Program;
- b) by failing to provide an adequate food meal on January 17, 2017 that complied with the Child and Adult Care Food Program;
- c) by failing to prepare the children's food properly by chopping the meatball finely or cutting it into bite size pieces;
- d) by failing to have competent food preparation staff to adhere to the Child and Adult Care Food Program guide lines;;

e) by failing to properly train food preparation staff, so that they prepared food properly for the children;

f) by failing to have any and/or an adequate number of teachers at the table to supervise the children while eating lunch;

g) by failing to reasonably and effectively utilize the Children and Adult Care Food Program Menu Planning Guide when developing the food menu;

h) by failing to implement adequate menu planning policies, food selection measures and procedures necessary to prevent choking to Plaintiff's child Sterling Moore, Jr. and other children at The Center,;

i) by failing to utilize other appropriate measures and techniques to prevent choking on their premises.

## COUNT I
(Negligence – Wrongful Death)

Plaintiff repeats and re-alleges each and every allegation set forth above, as if each allegation were fully set forth herein, and incorporates each preceding allegation by reference, and further alleges as follows:

29. Defendants owed a duty to S▓▓▓▓ M▓▓▓ Jr. to provide an appropriate and reasonable food option for the children at The Esther Peterson Center on January 17, 2017; prepare the children's food properly by chopping the meatball finely or cutting it into bite size pieces; have an adequate number of teachers at the table to supervise the children while eating lunch. Despite the duties owed by the Defendant, the Defendant failed to provide an appropriate and reasonable food option for the children; failed to prepare the children's food properly by

chopping the meatball finely or cutting it into bite size pieces; and failed to adequately supervise the children while eating lunch.

30. Defendants' breach of their duty of care subjected the children, including Sterling Moore, Jr., to a foreseeable, unreasonable risk of harm. As a direct and proximate result of the above described breaches of duty, on January 17, 2017, Sterling Moore, Jr. died, with no negligence or lack of due care on his part or his parents part contributing thereto.

31. Plaintiff Jennifer Coleman as Personal Representative of the Estate of Sterling Moore, Jr. bring claims and actions for the death of Sterling Moore, Jr. under the District of Columbia Wrongful Death Act, D.C. Code § 16-2701 et. seq. on her behalf and on the behalf of Sterling Moore Jr.'s father Sterling Moore, Sr. As a direct result of the negligence and wrongful acts of the defendants and the ensuing death of Sterling Moore Jr., these two beneficiaries have suffered loss of advice, guidance and counsel of the decedent, and of his services, that decedent could have been expected to provide had he lived, the value of lost care, education, training and personal advice, and all other damages recoverable under the District of Columbia's Wrongful Death Act.

## COUNT II
(Negligence – Survival Action)

Plaintiff repeats and re-alleges each and every allegation set forth above, as if each allegation were fully set forth herein, and incorporates each preceding allegation by reference, and further alleges as follows:

32. Plaintiff's claim for the death of Sterling Moore, Jr. is actionable under the District of Columbia Survival Statute, D.C. Code § 12-101 et. seq. These claims are brought

pursuant to D.C. Code § 12-101 by the Plaintiff and Personal Representative of S▮▮▮ M▮▮▮ Jr.'s Estate, Ms. Jennifer Coleman.

33. Decedent S▮▮▮ M▮▮▮, Jr.'s right of action for wrongful death and negligent conduct against Defendant survives in favor of Ms. Jennifer Coleman, as the Personal Representative of the Estate of the decedent, S▮▮▮ M▮▮▮ Jr. As a direct and proximate result of the Defendants' wrongful and negligent conduct, the decedent experienced severe pain, suffering, mental anguish and emotional distress prior to his death.

34. In addition, decedent's estate lost the probable and future earnings and other economic and non-economic damages recoverable under the District of Columbia Survival Statute, D.C. Code § 12-101 et. seq., including all medical bills incurred to treat his injuries and incurred funeral and burial expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

Judgment in favor of Jennifer Coleman as Personal Representative of the Estate of S▮▮▮ M▮▮▮, Jr. and the wrongful death beneficiaries of S▮▮▮ M▮▮▮, Jr., as mother and personal representative of S▮▮▮ M. M▮▮▮, Jr. for a wrongful death action pursuant to Count I, of and against Defendant, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) for compensatory damages and for such other amounts permitted by law, as well as interest from January 17, 2017, and attorneys' fees and costs, and for such further relief as this Court deems just and proper.

## PRAYER FOR JURY TRIAL

Plaintiff hereby demands a jury trial in the above-captioned matter on all issues properly tried before a jury.

Respectfully submitted,

*/s/ David E. Haynes*
David E. Haynes, #483119
The Cochran Firm
1100 New York Avenue, N.W.
Suite 340, West Tower
202-682-5500 (p)     202-408-8851 (f)
Email: dhaynes@cochranfirm.com
*Counsel for Plaintiff*

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

Jennifer Coleman                              Case Number: __2017 CA 007100 B__

vs                                            Date: __October 19, 2017__

Nobel Learning Communities, Inc.              ☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* David E. Haynes | Relationship to Lawsuit |
|---|---|
| Firm Name: The Cochran Firm | ☑ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.: 202-682-5500    Six digit Unified Bar No.: 438119 | ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury     ☑ 6 Person Jury     ☐ 12 Person Jury
Demand: $ __20,000,000.00__                Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar #: _____

---

**NATURE OF SUIT:** *(Check One Box Only)*

**A. CONTRACTS**                                 **COLLECTION CASES**

☐ 01 Breach of Contract           ☐ 14 Under $25,000 Pltf. Grants Consent    ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty           ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument        ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                 Over $25,000 Pltf. Grants Consent         Over $25,000 Consent Denied
☐ 13 Employment Discrimination    ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees           Under $25,000 Pltf. Grants Consent        Under $25,000 Consent Denied
                                  ☐ 28 Motion to Confirm Arbitration
                                       Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile           ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion           ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process              ☐ 10 Invasion of Privacy              ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection       ☐ 11 Libel and Slander                     Not Malpractice)
☐ 03 Assault and Battery           ☐ 12 Malicious Interference           ☑ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury   ☐ 13 Malicious Prosecution            ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 14 Malpractice Legal                ☐ 20 Friendly Suit
☐ 06 False Accusation              ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest                  ☐ 16 Negligence- (Not Automobile,     ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                              Not Malpractice)                 ☐ 23 Tobacco
                                                                         ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ____ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (b) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

/s/ David E. Haynes                                          October 19, 2017

Attorney's Signature                                                Date

CV-496/ June 2015

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNIFER COLEMAN, *<br>AS MOTHER AND PERSONAL *<br>REPRESENTATIVE OF THE ESTATE OF *<br>S.M., A MINOR *<br>*<br>*Plaintiff*, *<br>*<br>v. *<br>*<br>NOBEL LEARNING COMMUNITIES, INC., *<br>*<br>*Defendant*. *<br>* | Civil No. 2017 CA 004100 B |

\*\*\*\*\*\*\*\*\*\*

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Nobel Learning Communities, Inc., by and through its attorney, James S. Aist, and pursuant to 28 U.S.C. 1446(d), hereby gives notice to Plaintiff, Jennifer Coleman, As Mother and Personal Representative of the Estate of S.M., a minor, and to the Superior Court for the District of Columbia, that it has filed a Notice of Removal of the above captioned matter in the United States District Court for the District of Columbia. Copies of all of the materials filed in the United States District Court for the District of Columbia are attached to this notice. The Superior Court for the District of Columbia should take no further action herein unless and until the case is remanded.

/s/
James S. Aist (Bar No. 481387)
ANDERSON, COE & KING, LLP
Seven Saint Paul Street, Suite 1600
Baltimore, MD 21202
T: 410-752-1630 / F: 410-752-0085
aist@acklaw.com
*Attorney for Defendants*

**Certificate of Service**

I HEREBY CERTIFY that on this 22nd day of November, 2017 a copy of Defendant's Notice of Removal was electronically filed and/or served upon:

David E. Haynes, #483119
The Cochran Firm
1100 New York Avenue, N.W.
Suite 340, West Tower
Washington, D.C. 20005
dhaynes@cochranfirm.com
*Attorneys for Plaintiff*


/s/
James S. Aist (Bar No. 481387)