AIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JENNIFER COLEMAN,** as Mother and Personal Representative of the Estate of SM, JR., a Minor,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**NOBEL LEARNING COMMUNITIES, INC.,**<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.: 17-cv-02524-TSC<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Ms. Jennifer Coleman, as mother and personal representative of S.M., Jr., by and through her undersigned counsel of record, and files this Amended Complaint for damages against the Defendant on the grounds and in the amounts set forth herein:

## NATURE OF THE ACTION

1. This is a wrongful death action pursuant to D.C. Code Ann. § 16-2701, et. seq., and survival action pursuant to D.C. Code Ann § 12-101, et seq., arising out of the choking death of three year old S.M., Jr. on January 17, 2017 at The Esther Peterson Child Development Center at the Department of Labor, which is brought against the owners, Nobel Learning Communities Inc., for negligence, including but not limited to, failing to properly adhere to the standards specified by the United States Department of Agriculture Food and Nutrition Services' Child and Adult Care Food Program, among other failures.

2. At approximately 12:00 p.m. on January 17, 2017, S.M., Jr. choked on a meatball during lunch while in the custody of The Esther Peterson Child Development Center at the

Department of Labor ("Esther Peterson" or "Child Development Center" or "The Center"). S.M., Jr. was eating a meatball sandwich for lunch when he began to choke. S.M., Jr. stood up at which point a teacher finally noticed him choking. Assistant Principal Ms. Kassandra Lord called S.M., Jr.'s mother, Ms. Jennifer Coleman, who worked upstairs at the Department of Labor, and left her a voicemail informing her that S.M., Jr. was choking. Moments after Ms. Coleman received the message she rushed downstairs to find S.M., Jr. in an ambulance unresponsive and being treated by Emergency Medical Technicians. S.M., Jr. was rushed to Children's National Medical Center by ambulance where he was later pronounced dead at 12:46 p.m.

**PARTIES**

3.      Plaintiff Jennifer Coleman is the mother of minor child S.M., Jr. who was three years of age at the time of the incident, and was at all times relevant hereto a citizen and resident of Washington, D.C.  Sterling M. Moore, Sr. is the father of S.M., Jr.

4.      Nobel Learning Communities, Inc. ("Nobel") was at all times relevant hereto a Delaware Corporation doing business as The Esther Peterson Child Development Center in the District of Columbia at 200 Constitution Avenue NW Room N-1450, Washington D.C. 20210, which is on the Department of Labor premises.

5.      The Defendant, either individually or by agents, servants or employees, owned, managed, supervised, maintained and/or, exercised jurisdiction and control over the functioning of The Esther Peterson Child Development Center at the Department of Labor, and did employ agents, employees, officers, staff, administrators, representatives, servants, and/or teachers ("employees") for The Center. The Defendants exercised jurisdiction and control over the procedures and duties which said employees had the privilege and obligation to perform, and

they determined the qualifications or lack of qualifications of said employees as the same related to those procedures and duties.  Said employees worked in a common effort for the economic benefit of the Defendants.

## JURISDICTION AND VENUE

6. Jurisdiction is vested in this Court pursuant to 28 U.S. Code § 1332.

This action is brought pursuant to the District of Columbia Wrongful Death Act, D.C. Code §16-2701, et seq. (2001 Edition, as amended) and pursuant to the District of Columbia Survival Act, D.C. Code §12-101, et seq. (2001 Edition, as amended).

7. The venue of this claim is proper in the United States District Court for the District of Columbia, as it is the venue in which the tortious injury occurred and where the conduct which directly and proximately caused the injury occurred.

## FACTS COMMON TO ALL COUNTS

Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 7 of this Amended Complaint, as if each allegation were fully set forth herein, and incorporates each preceding allegation by reference, and further alleges as follows:

8. On January 17, 2017 at approximately 7:40 a.m., the Plaintiff dropped S.M., Jr. off at The Esther Peterson Child Development Center at the Department of Labor.

9. S.M., Jr. was in class at the Esther Peterson Center in room N1450 Classroom 11 at approximately 7:40 a.m. on January 17, 2017.

10. During lunch time S.M., Jr. and other children were seated at a classroom table for lunch which consisted of large whole meatballs in a hotdog bun, mixed vegetables and cantaloupe.

11. The children began to eat lunch at which point one of the classroom teachers noticed S.M., Jr. stand up with his hands up while gasping for air; it was only at this point she realized he was choking.

12. One of the teachers began to administer back thrusts at which point S.M., Jr. vomited a small amount of the food into his plate.

13. The teacher then took S.M., Jr. into the hallway and continued back thrusts and started performing the Heimlich maneuver.

14. Several teachers observed S.M., Jr. begin to turn blue while he squeezed one of the teacher's arms and signaled to his throat.

15. Approximately two minutes passed from the time S.M., Jr. began to choke until he was carried to the front of the daycare facility.

16. At 12:07 p.m. DC Fire and EMS were dispatched to the Esther Peterson Center and they arrived at 12:12 p.m.

17. At approximately 12:17 p.m., the Plaintiff received a voicemail message while she was at work at the Department of Labor from Assistant Principal Kassandra Lord stating very calmly that S.M., Jr. choked on a meatball and they needed Ms. Coleman to come downstairs.

18. Once Ms. Coleman heard the message she rushed downstairs to find S.M., Jr. in an ambulance unresponsive with emergency personnel attempting to resuscitate him.

19. S.M., Jr. was rushed to Children's National Medical Center by ambulance where he arrived with CPR in progress at 12:33 p.m.

20. Upon arrival medical staff at Children's continued in their attempts to resuscitate.

21. The staff was unsuccessful in their attempts and S.M., Jr. was pronounced dead from asphyxia due to upper airway obstruction due to food bolus at 12:46 p.m.

22. At all times material hereto, the Defendants, as a child development center and/or owners and child care providers, had a duty to S.M., Jr. and his parents Ms. Jennifer Coleman and Sterling Moore, Sr., to exercise reasonable care to keep and maintain daily menus, and food that are varied, suitable to the ages and development levels of the children, and consistent with the meal pattern requirements and nutrition standards specified by the Child and Adult Care Food Program. In particular, Defendants, as a child development center and/or owners and child care providers, had a duty to the children and parents of those children including S.M., Jr. and Ms. Jennifer Coleman, to take reasonable precautions as were reasonably necessary to prevent children from choking on food.

23. The Defendants undertook a voluntary duty to provide child care services which they touted and to provide appropriate planned daily meals for the children at The Esther Peterson Center. Defendants advertised their child development center as a preschool that expertly combines academic learning experiences and structured play in a fun, safe and nurturing environment. The Centers food service and nutrition were advertised as conforming to all state nutrition guidelines.

24. Defendants served a meatball sandwich which contained three large meatballs, none of which were cut up at all. Defendants, failed to adhere to the District of Columbia's Child Development Facilities: Licensing, of Title 5-A DCMR, Office of the State Superintendent of Education standards. Title 115.2 provides, "A Licensee shall ensure that planned daily menus, and the foods that are actually served by the Facility, are varied, suitable to the ages and

development levels of the children, and consistent with the meal pattern requirements and nutrition standards specified by the Child and Adult Care Food Program Standards."

25.     Defendants knew, or in the exercise of reasonable care should have known, that the Child and Adult Care Food Program Standards provide, "the following foods, if served whole or in chunks, are considered choking hazards… chunks of meat or cheese." The Program menu planning guide further states, "Be sure all foods are cut into bite-size pieces (chopping finely), steamed or mashed." S.M., Jr. choking on a meatball was foreseeable and reasonably likely to occur unless the Defendants took reasonable steps to adopt adequate procedures and standards for food preparation and service, which they did not do and they failed to cut up the meatballs and instead served them whole to a three year old.

26.     The Defendants failed to take proper measures to provide an appropriate and reasonable food option for the children at The Esther Peterson Center on January 17, 2017. Defendants knew or had reason to know that the planned meal including a meatball sandwich posed an unreasonable risk of foreseeable harm to children, including S.M., Jr. and had knowledge or in the exercise of reasonable diligence should have had knowledge that it was only a matter of time before a child choked as a result of the non-compliance with the Child and Adult Care Food Program Standards, specifically an incident involving choking on a meatball that was not cut into bite-sized pieced or finely chopped.

27.     The harm suffered by S.M., Jr. was reasonably foreseeable, in that a reasonable and prudent child care provider/development center under the same or similar circumstances would have realized that serving a three year old a meatball sandwich greatly increased the likelihood that choking would occur to children.

28.     The Defendants were negligent and breached their duty to the children and parents of said children, including S.M., Jr. and Ms. Jennifer Coleman, to take reasonable measures to prevent or eliminate choking hazards in one or more of the following ways:

   a) by failing to provide an adequate food menu that complied with the Child and Adult Care Food Program;

   b) by failing to provide an adequate food meal on January 17, 2017 that complied with the Child and Adult Care Food Program;

   c) by failing to prepare the children's food properly by chopping the meatball finely or cutting it into bite size pieces;

   d) by failing to have competent food preparation staff to adhere to the Child and Adult Care Food Program guide lines;;

   e) by failing to properly train food preparation staff, so that they prepared food properly for the children;

   f) by failing to have any and/or an adequate number of teachers at the table to supervise the children while eating lunch;

   g) by failing to reasonably and effectively utilize the Children and Adult Care Food Program Menu Planning Guide when developing the food menu;

   h) by failing to implement adequate menu planning policies, food selection measures and procedures necessary to prevent choking to Plaintiff's child S.M., Jr. and other children at The Center,;

   i) by failing to utilize other appropriate measures and techniques to prevent choking on their premises;

   j) by failing to ensure that all staff are trained in CPR/First aid;

    k) by failing to have proper emergency response policies and procedures in place in case of emergency;

    l) by failing to ensure that there is an outside phone line in every classroom to ensure staff can effectively follow the center's emergency procedures to call 911.

29. As a result of the aforementioned incident, Defendant was issued a corrective action plan and placed on a restricted license by the District of Columbia Office of the State Superintendent of Education (OSSE) to address deficiencies found as a result of their investigation into the choking death of S.M. Jr. The corrective action plan stated, the facility must comply immediately with all relevant licensing regulations as listed: a. the facility must ensure that all staff are retrained in CPR/First aid and submit documentation of certification to OSSE, b. the facility must submit to OSSE updated emergency response policies and procedures, c. the facility must ensure that there is an outside phone line in every classroom to ensure staff can effectively follow the center's emergency procedures to call 911, d. the facility must ensure that all unusual incident reports are submitted immediately.

## COUNT I
(Negligence – Wrongful Death)

Plaintiff repeats and re-alleges each and every allegation set forth above, as if each allegation were fully set forth herein, and incorporates each preceding allegation by reference, and further alleges as follows:

30. Defendants owed a duty to S.M., Jr. to provide an appropriate and reasonable food option for the children at The Esther Peterson Center on January 17, 2017; prepare the children's food properly by chopping the meatball finely or cutting it into bite size pieces; have an adequate number of teachers at the table to supervise the children while eating lunch. Despite the duties owed by the Defendant, the Defendant failed to provide an appropriate and reasonable

food option for the children; failed to prepare the children's food properly by chopping the meatball finely or cutting it into bite size pieces; failed to adequately supervise the children while eating lunch; and failed to respond adequately to an emergency situation when S.M., Jr. began to choke.

31. Defendants' breach of their duty of care subjected the children, including S.M., Jr. to a foreseeable, unreasonable risk of harm. As a direct and proximate result of the above described breaches of duty, on January 17, 2017, S.M., Jr. died, with no negligence or lack of due care on his part or his parents part contributing thereto.

32. Plaintiff Jennifer Coleman as Personal Representative of the Estate of S.M., Jr. bring claims and actions for the death of S.M., Jr. under the District of Columbia Wrongful Death Act, D.C. Code § 16-2701 et. seq. on her behalf and on the behalf of S.M., Jr.'s father Sterling Moore, Sr. As a direct result of the negligence and wrongful acts of the defendants and the ensuing death of S.M., Jr., these two beneficiaries have suffered loss of advice, guidance and counsel of the decedent, and of his services, that decedent could have been expected to provide had he lived, the value of lost care, education, training and personal advice, and all other damages recoverable under the District of Columbia's Wrongful Death Act.

**COUNT II**
(Negligence – Survival Action)

Plaintiff repeats and re-alleges each and every allegation set forth above, as if each allegation were fully set forth herein, and incorporates each preceding allegation by reference, and further alleges as follows:

33. Plaintiff's claim for the death of S.M., Jr. is actionable under the District of Columbia Survival Statute, D.C. Code § 12-101 et. seq. These claims are brought pursuant to

D.C. Code § 12-101 by the Plaintiff and Personal Representative of S.M., Jr.'s Estate, Ms. Jennifer Coleman.

34. Decedent S.M., Jr.'s right of action for wrongful death and negligent conduct against Defendant survives in favor of Ms. Jennifer Coleman, as the Personal Representative of the Estate of the decedent, S.M., Jr. As a direct and proximate result of the Defendants' wrongful and negligent conduct, the decedent experienced severe pain, suffering, mental anguish and emotional distress prior to his death.

35. In addition, decedent's estate lost the probable and future earnings and other economic and non-economic damages recoverable under the District of Columbia Survival Statute, D.C. Code § 12-101 et. seq., including all medical bills incurred to treat his injuries and incurred funeral and burial expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

Judgment in favor of Jennifer Coleman as Personal Representative of the Estate of S.M., Jr. and the wrongful death beneficiaries of S.M., Jr., as mother and personal representative of S.M., Jr. for a wrongful death and survival action pursuant to Count I and Count II , of and against Defendant, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) for compensatory damages and for such other amounts permitted by law, as well as interest from January 17, 2017, and attorneys' fees and costs, and for such further relief as this Court deems just and proper.

## PRAYER FOR JURY TRIAL

Plaintiff hereby demands a jury trial in the above-captioned matter on all issues properly tried before a jury.

Respectfully submitted,

*/s/ David E. Haynes*
David E. Haynes, #483119
The Cochran Firm
1100 New York Avenue, N.W.
Suite 340, West Tower
202-682-5500 (p)   202-408-8851 (f)
Email: dhaynes@cochranfirm.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of March, 2018, a copy of the foregoing Amended Complaint was served via ECF to:

James S. Aist, #481387
Anderson, Coe & King, LLP
Seven Saint Paul Street, Suite 1600
Baltimore, Maryland 21202
aist@acklaw.com
Attorney for Defendant

*/s/ David E. Haynes*
David E. Haynes, #483119