IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JENNIFER COLEMAN, <br> AS MOTHER AND PERSONAL <br> REPRESENTATIVE OF THE ESTATE OF <br> S.M., A MINOR, <br><br> *Plaintiff*, <br><br> v. <br><br> NOBEL LEARNING COMMUNITIES, INC., <br><br> *Defendant*. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br><br><br><br><br><br><br> Civil No. 1:17-cv-2524 |

**********

## ANSWER TO AMENDED COMPLAINT

Nobel Learning Communities, Inc., Defendant, by its attorney, James S. Aist, in response to the Amended Complaint filed herein, states as follows:

## NATURE OF THE ACTION

1.  Paragraph 1 includes legal conclusions to which no response is required. To the extent that Paragraph 1 contains allegations to which a response is required, Nobel Learning Communities, Inc. admits that it operates the Esther Peterson Child Development Center. The remaining allegations in Paragraph 1 are denied.

2.  Defendant admits that S.M. choked while eating a meatball sandwich at the Esther Peterson Child Development Center on January 17, 2017 at approximately 12:05 p.m. Defendant admits that a teacher noticed that S.M. appeared to be choking. Defendant admits that Kassandra Lord called S.M.'s mother, Plaintiff, Jennifer Coleman. Defendant is without knowledge or information sufficient to permit it to form a belief about the remaining averments in paragraph 2.

## PARTIES

3. Defendant is without knowledge or information sufficient to permit it to form a belief about the allegations of Paragraph 3.

4. Defendant admits that it was at all times relevant hereto a Delaware Corporation registered to do business in the District of Columbia. Defendant denies that it "did business as" the Esther Peterson Child Development Center. Defendant operated and managed the Esther Peterson Child Development Center.

5. The allegations in Paragraph 5 include legal conclusions to which no response is required. To the extent that Paragraph 5 contains allegations to which a response is required, Defendant admits that it operates and manages the Esther Peterson Child Development Center and employs staff at the Esther Peterson Child Development Center. Defendant denies the remaining allegations in Paragraph 5.

## JURISDICTION AND VENUE

6. Paragraph 6 is a jurisdictional statement which is neither admitted nor denied.

7. Paragraph 7 is a statement about venue which is neither admitted nor denied.

## FACTS COMMON TO ALL COUNTS

8. Defendant admits that S.M. was dropped off at the Esther Peterson Child Development Center at approximately 7:46 a.m. on January 17, 2017.  Defendant denies all other allegations in Paragraph 8.

9. Defendant admits that S.M. was in class at the Esther Peterson Child Development Center on the morning of January 17, 2017.  Defendant denies all other allegations in Paragraph 9.

10. Defendant admits that on January 17, 2017, the lunch served to SM at the Esther Peterson Child Development Center included meatballs in a hotdog bun, mixed vegetables, and

cantaloupe, and that the lunch was served to SM while he was seated at a classroom table with other children. Defendant denies the remaining allegations in Paragraph 10.

11. Defendant admits that on January 17, 2017, during lunch, a classroom teacher observed S.M. stand up from the table and begin spitting out the food he had been eating; the teacher recognized that S.M. appeared to be choking. Defendant denies the remaining allegations in Paragraph 11.

12. Defendant admits that upon recognizing that S.M. appeared to be choking, the teacher immediately began to administer back thrusts, and that S.M. then vomited a small amount of food.

13. Defendant admits that after S.M. vomited a small amount of food, S.M. continued choking and that the teacher then took S.M. into the hallway outside of the three-year-old classroom and continued to perform both back and abdominal thrusts.

14. Defendant admits that while in the hallway, teachers observed S.M. starting to turn blue. Defendant is without knowledge or information sufficient for it to form a belief about the remaining allegations in Paragraph 14.

15. Defendant is without knowledge or information sufficient for it to form a belief about the allegations in Paragraph 15.

16. Defendant is without knowledge or information sufficient for it to form a belief about the allegations in Paragraph 16.

17. Defendant is without knowledge or information sufficient for it to form a belief about the allegations in Paragraph 17.

18. Defendant is without knowledge or information sufficient for it to form a belief about the allegations in Paragraph 18.

19. Defendant is without knowledge or information sufficient for it to form a belief about the allegations in Paragraph 19.

20. Defendant is without knowledge or information sufficient for it to form a belief about the allegations in Paragraph 20.

21. Defendant is without knowledge or information sufficient for it to form a belief about the allegations in Paragraph 21.

22. The allegations in Paragraph 22 include legal conclusions to which no response is required. To the extent that Paragraph 22 contains allegations to which a response is required, Defendant denies the allegations in Paragraph 22.

23. The allegations in Paragraph 23 include legal conclusions to which no response is required. To the extent that Paragraph 23 contains allegations to which a response is required, Defendant admits that its website currently states: "we expertly combine academics and structured play for students ages 6 weeks to Pre-K2 in a fun, safe and nurturing environment." Defendant denies the remaining allegations in Paragraph 23.

24. Defendant admits that a meatball sandwich was served at lunch.  Defendant denies all other allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant admits that on or about March 8, 2017, the Office of the State Superintendent of Education ("OSSE") issued a corrective action plan and placed the Defendant

on a restricted license for three months.  Defendant denies the remaining allegations in Paragraph 29.

## COUNT I
### (Negligence – Wrongful Death)

30. The allegations in Paragraph 30 concerning duties owed by the Defendant are legal conclusions to which no response is required. To the extent that Paragraph 30 contains allegations regarding duties owed by the Defendant to which a response is required, Defendant denies those allegations.  Defendant denies all remaining allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

## COUNT II
### (Negligence – Survival Action)

33. The allegations in Paragraph 33 include legal conclusions to which no response is required. To the extent that Paragraph 33 contains allegations to which a response is required, Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Amended Complaint is barred by the applicable statute of limitations.

3. Plaintiff's Amended Complaint is barred by the doctrine of contributory negligence.

4. Plaintiff's Amended Complaint is barred by the doctrine of assumption of the risk.

/s/
James S. Aist (Bar No. 481387)
ANDERSON, COE & KING, LLP
Seven Saint Paul Street, Suite 1600
Baltimore, MD 21202
T: 410-752-1630 / F: 410-752-0085
aist@acklaw.com
*Attorney for Defendants*

### Certificate of Service

I HEREBY CERTIFY that on this 29th day of March, 2018 a copy of Defendant's Answer to Amended Complaint was electronically filed and/or served upon:

David E. Haynes, #483119
The Cochran Firm
1100 New York Avenue, N.W.
Suite 340, West Tower
Washington, D.C. 20005
dhaynes@cochranfirm.com
*Attorneys for Plaintiff*

/s/
James S. Aist (Bar No. 481387)